JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LATASHA NESMITH

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David M. Koller, Esquire, Koller Law LLC, 2043 Locust Street, Suite 1-B, Philadelphia, PA 19103, 215-545-8917

## DEFENDANTS
MCBEE ASSOCIATES, INC.

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended; Americans with Disabilities Act of 1990, as amended
Brief description of cause:
discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Over $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   04/10/2020

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Nesmith                                              : CIVIL ACTION
       v.                                            :
McBee Associates Inc.                                : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

4/10/2020                  [signature]                   Plaintiff
_____              _____          _____
Date                    Attorney-at-law              Attorney for

215-545-8917            215-575-0826                 david@Kellerlawfirm.com
_____              _____          _____
Telephone               FAX Number                   E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2233 N. 22nd Street, Philadelphia, PA 19132__

Address of Defendant: __997 Old Eagle School Road, Wayne, PA 19087__

Place of Accident, Incident or Transaction: __Wayne, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/10/2020__        _/s/ (signature)_        __90119__
                             *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David M. Koller__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __04/10/2020__        _/s/ (signature)_        __90119__
                             *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**KOLLER LAW LLC**
David M. Koller (90119)
Sarah R. Lavelle (93383)    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATASHA NESMITH,<br>2233 N 22nd Street<br>Philadelphia, PA 19132<br>    Plaintiff,<br><br>v.<br><br>MCBEE ASSOCIATES, INC.,<br>997 Old Eagle School Road<br>Wayne, PA 19087<br>    Defendant. | Civil Action No.<br><br>**Complaint and Jury Demand** |

## COMPLAINT

Plaintiff, Latasha Nesmith, through her counsel, Koller Law LLC, brings this civil matter against Defendant, McBee Associates, Inc. for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff is Latasha Nesmith (hereinafter "Plaintiff"), an adult individual who is domiciled in the Commonwealth of Pennsylvania at 2233 N 22nd Street, Philadelphia, PA 19132.

2. Defendant, McBee Associates, Inc. (hereinafter "Defendant") is a provider of health consulting services with a location and corporate headquarters located at 997 Old Eagle School Road, Wayne, PA 19087.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

11. Plaintiff exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Pennsylvania Human Relations Act.

12. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender, pregnancy, religious and disability discrimination and retaliation against Defendant.

13. The Complaint was assigned the Charge Number 530-2018-05289 and was dual filed with the Pennsylvania Human Relations Commission.

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated January 8, 2020. Plaintiff received the notice by mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

3

16. Plaintiff filed the Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. Plaintiff is Muslim.

20. On February 6, 2017, Defendant hired Plaintiff in the position of Clerical Support.

21. Plaintiff was well qualified for her position and performed well.

22. In or around July 2017, Plaintiff notified Christina Grenaldo, Manager, and Karen Williams, Human Resource Manager, that she was pregnant.

23. In October 2017, Plaintiff's physician at Thomas Jefferson University Hospital placed Plaintiff on the following medical restrictions: take short breaks, eat/drink when needed and for absences due to doctor's appointments.

24. Plaintiff gave her doctor's note requesting the reasonable accommodations to Ms. Williams.

25. After Plaintiff gave her doctor's note to Ms. Williams, Ms. Grenaldo began to nitpick her work product, complain to Plaintiff when she took breaks and told her that she was not allowed to go to Plaintiff's scheduled and required doctor's appointments.

26. Ms. Grenaldo also reprimanded Plaintiff for wearing a scarf on her head due to her religious beliefs.

27. However, Ms. Grenaldo did not reprimand Plaintiff's non-Muslim coworker who wore scarves.

28. In or around the beginning of January 2018, Plaintiff complained to Ms. Williams about how Ms. Grenaldo was treating her and that it was due to her pregnancy.

29. Plaintiff also emailed Ms. Williams the support she had for that belief.

30. Approximately one (1) week later in January 2018, Ms. Williams terminated Plaintiff for alleged attendance, tardiness and performance issues.

31. Plaintiff did not have any attendance or tardiness issues and she had recently received a raise due to her performance in December 2017.

32. It is Plaintiff's position that she was discriminated against due to her religion in violation of Title VII. It is Plaintiff's position that she was discriminated against due to her pregnancy, denied a reasonable accommodation, retaliated against for requesting a reasonable accommodation and retaliated against for complaining about the aforementioned discrimination in violation of Title VII/PDA and the ADA.

## COUNT I – RELIGIOUS DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

33. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

34. Plaintiff is a member of protected classes in that she is Muslim.

35. Plaintiff was qualified to perform the job for which she was hired.

36. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

37. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

38. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

39. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

40. As a result of Defendant's unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT II – RELIGIOUS DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a member of protected classes in that she is Muslim.

43. Plaintiff was qualified to perform the job for which she was hired.

44. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

45. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

47. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

48. As a result of Defendant's unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

6

## COUNT III – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is a member of protected classes in that she is female.

51. Plaintiff was qualified to perform the job for which she was hired.

52. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

53. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

55. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

56. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT IV – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a member of protected classes in that she is female.

59. Plaintiff was qualified to perform the job for which she was hired.

60. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

61. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

63. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

64. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – PREGNANCY DISCRIMINATION
### PREGNANCY DISCRIMINATION ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff was qualified to perform the job for which she was hired.

67. Plaintiff requested the reasonable accommodation.

68. With this reasonable accommodation, Plaintiff would be able to perform the essential functions of her position.

69. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

70. Defendant refused to provide Plaintiff with her requested accommodation.

71. Defendant failed to engage in the interactive process with Plaintiff to determine whether Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

72. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

73. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

74. Defendant discriminated against Plaintiff on the basis of her pregnancy.

75. Defendant treated non-pregnant employees better than it treated Plaintiff.

76. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – PREGNANCY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff was qualified to perform the job for which she was hired.

79. Plaintiff requested the reasonable accommodation.

80. With this reasonable accommodation, Plaintiff would be able to perform the essential functions of her position.

81. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

82. Defendant refused to provide Plaintiff with her requested accommodation.

83. Defendant failed to engage in the interactive process with Plaintiff to determine whether Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

84. Defendant failed to offer, or consider, any reasonable accommodation in lieu of termination.

9

85. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. Defendant discriminated against Plaintiff on the basis of her pregnancy.

88. Defendant treated non-pregnant employees better than it treated Plaintiff.

89. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII - FAILURE TO ACCOMMODATE
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

90. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

91. Plaintiff is a qualified individual with a "disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or being regarded as having such an impairment.

92. At all relevant times, Defendant was aware of her disability.

93. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

94. Defendant refused to grant Plaintiff an accommodation.

95. Defendant failed to engage in the interactive process with Plaintiff regarding her disability or any necessary accommodation.

96. Instead, Defendant terminated Plaintiff employment.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VIII - FAILURE TO ACCOMMODATE
### PENNSYLVANIA HUMAN RELATIONS ACT

97. The foregoing paragraphs are incorporated herein by reference as though set forth in full.

98. Plaintiff is a qualified individual with a "disability" as that term is defined under the Pennsylvania Human Relations Act because Plaintiff has, or had at all time relevant hereto, a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or being regarded as having such an impairment.

99. At all relevant times, Defendant was aware of her disability.

100. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

101. Defendant refused to grant Plaintiff an accommodation.

102. Defendant failed to engage in the interactive process with Plaintiff regarding her disability or any necessary accommodation.

103. Instead, Defendant terminated Plaintiff's employment.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IX – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

104. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

105. Plaintiff engaged in activity protected by Title VII when she requested an accommodation and when she complained to Defendant about discriminatory comments.

106. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT X – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

107. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

108. Plaintiff engaged in activity protected by Title VII when she requested an accommodation and when she complained to Defendant about discriminatory comments.

109. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT XI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

110. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

111. Plaintiff engaged in activity protected by the PHRA when she requested an accommodation and when she complained to Defendant about discriminatory comments.

112. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Latasha Nesmith, requests that the Court grant her the following relief against Defendant, McBee Associates, Inc.:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Punitive damages;

d) Liquidated damages;

e) Emotional pain and suffering;

f) Reasonable attorneys' fees;

g) Recoverable costs;

h) Pre and post judgment interest;

i) An allowance to compensate for negative tax consequences;

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

                                                  Respectfully Submitted,

                                                  **KOLLER LAW LLC**

Dated: April 10, 2020             BY: *s/ David M. Koller*
                                                  David M. Koller, Esq. (90119)
                                                  Sarah R. Lavelle, Esq. (93383)
                                                  2043 Locust Street, Suite 1B
                                                  Philadelphia, PA 19103
                                                  (t) 215-545-8917
                                                  (f) 215-575-0826
                                                  davidk@kollerlawfirm.com
                                                  slavelle@kollerlawfirm.com

                                                  *Counsel for Plaintiff*